# SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

12 NOV 14  PM 4: 32

OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANNETTE K. CRAWLEY, a/k/a KENYA
SADE BRYANT, a/k/a ANNETTE K.
LIGON, a/k/a ANNETTE L. BRYANT,

    Defendant.

4:12CR3120

INDICTMENT
(18 USC §§, 1347
287, and 2)

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment:

1. Section 24(b) of Title 18, United States Code, defined a "health care benefit program" as "any public or private plan or contract, affecting commerce, under which any medical benefit, item or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item or service for which payment may be made under the plan or contract." Health Care Benefit Programs (hereinafter "Programs") include Medicare, Medicaid, and private insurers.

2. The Medicaid program was a health care benefit program designed primarily for the indigent. In Nebraska, the Medicaid program was funded with a combination of federal and state funds, with approximately 60% of the total financial burden of the program paid through the United States Department of Health & Human Services, and the remaining 40% by the State of Nebraska. Claims for Medicaid reimbursement were electronically sent to Medicaid for review and reimbursement. After Medicaid reviewed the claims, reimbursement was made electronically.

3. Nebraska Medicaid rules required health care providers to meet all applicable licensure and certification requirements and maintain current licensure or certification, and further prohibited payment to a provider of health care services who was not licensed or certified at the time the services were provided.

## COUNTS 1-4
## HEALTH CARE FRAUD

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated as if set forth fully herein.

5. From on or about June 1, 2011, until on or about February 29, 2012, in the District of Nebraska, defendant, ANNETTE K. CRAWLEY, a/k/a KENYA SADE BRYANT, a/k/a ANNETTE K. LIGON, a/k/a ANNETTE L. BRYANT, hereafter the Defendant, did knowingly and willfully devise and intend to devise, execute and attempt to execute, a scheme and artifice to defraud a health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations, and omissions of material fact, money and property owned by, or under the control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

6. In furtherance of the scheme and artifice, the Defendant obtained a Nebraska license to practice psychology in the name of Kenya Sade Bryant. The Defendant obtained this Nebraska license by presenting to the Nebraska Department of Health and Human Services, Division of Public Health – Licensure Unit, false, fictitious, and phony documents beginning on approximately June 22, 2011. These documents included, but were not limited to, documents purporting to reflect an internship at Fort Leavenworth, Kansas, a verification form from the Alabama Board of Examiners in Psychology, a transcript from Auburn University and a fake

2

Alabama birth certificate. All of these documents were completely false, fictitious, and phony, as the Defendant then well knew. The Defendant did not do an internship in psychology at Fort Leavenworth, Kansas, she did not attend Auburn University as reflected in the transcript she submitted, she did not pass any tests in psychology administered by the Alabama board of Examiners in Psychology, and the name on the birth certificate is false and fictitious. On approximately August 22, 2011 the Defendant obtained a temporary 30 day Nebraska license and on approximately November 30, 2011 the Defendant received a license from Nebraska licensing authorities to practice psychology, both of which the Defendant knew were issued pursuant to the false and phony documents submitted by her, as described above.

7.     In furtherance of the scheme and artifice, the Defendant worked as a Nebraska licensed psychologist for Beneficial Behavioral Health Services, in Nebraska. While employed there she obtained a Medicaid provider number which was active from approximately October 15, 2011 to approximately January 13, 2012. During that period of time the Defendant knew the Nebraska Medicaid program would pay Beneficial Behavioral Services for 'services' provided to patients by the Defendant.

8.     In furtherance of the scheme and artifice, the Defendant caused claims to be submitted to the Nebraska Medicaid program which the Defendant knew contained materially false and fraudulent pretenses and representations, and omissions of material fact, in that the claims presented to the Nebraska Medicaid program sought payment for services by a licensed psychologist when the Defendant then well knew she was not a licensed psychologist. During the course of the scheme and artifice, these claims totaled approximately $1,075.00.

9.     On or about the dates set forth below in the "Date Claim Submitted" column, in the District of Nebraska, the Defendant knowingly executed and attempted to execute the scheme

3

and artifice to defraud a health care benefit program in connection with the delivery of and payment for health care benefits, items and services, as set forth above, by causing to be submitted, to the authorized agents and intermediaries for the Nebraska Medicaid program, claim forms for payment which the defendant knew made materially false and fraudulent representations regarding her qualifications to participate in the Nebraska Medicaid program, as more fully explained in paragraphs 1-8 above.

| Count | Date Claim Submitted | Patient | Date of Service | Amount claimed |
|-------|----------------------|---------|-----------------|----------------|
| 1 | 1/26/12 | HPO | 10/25/11 | 275.00 |
| 2 | 1/26/12 | JL | 10/27/11 | 275.00 |
| 3 | 1/26/12 | JL | 10/27/11 | 250.00 |
| 4 | 1/26/12 | BS | 10/31/11 | 275.00 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 5-14
## FALSE CLAIMS

At all times pertinent to the indictment:

10.     The United States Social Security Administration (SSA) administered disability determinations in Nebraska through the Disability Determination Section (DDS) of the Nebraska Department of Education.

11.     The SSA paid money to the State of Nebraska to perform SSA disability determinations.

12.     The DDS used federal money to perform disability determinations, and in so doing it followed SSA statutes and guidelines.

4

13.     The DDS used private companies, and individuals, including the Midtown Medical Group, to conduct psychological evaluations as necessary for the purpose of making disability determinations.

14.     The Midtown Medical Group, in turn, contracted with Capstone Behavioral Health PC to conduct psychological evaluations, and Capstone hired ANNETTE K. CRAWLEY, a/k/a KENYA SADE BRYANT, a/k/a ANNETTE K. LIGON, a/k/a ANNETTE L. BRYANT, hereafter the Defendant, to actually conduct some of the evaluations.

15.     SSA rules and regulations required mental health providers who perform consultative examinations to document medically determinable impairments, to be a psychologist.

16.     The Defendant, as she well knew, did not possess a valid license to practice psychology in Nebraska.

17.     Following each evaluation, the Defendant signed a DDS Authorization for Examination form and provided it to the Midtown Medical Group, which submitted it to the DDS as a claim for payment for the evaluation performed by the Defendant.

18.     DDS thereafter paid Midtown Medical Group, which paid Capstone Behavioral Health, which in turn paid the Defendant.

19.     Between on or about January 31, 2012 and on or about June 12, 2012, the Defendant caused false claims to be submitted to the SSA on approximately 242 occasions totaling approximately $42,817.00.

20.     On or about the dates set forth below, in the district of Nebraska, the defendant willfully caused to be made to the SSA through the DDS, a claim upon and against the SSA, in the amounts and descriptions set forth below, knowing that the claim was materially false,

fictitious, and fraudulent in that the defendant knew she was not qualified to provide the services covered by the claims, as more fully described in paragraphs 10-19 above.

| Count | Date | Person Examined | Amount |
|-------|------|-----------------|--------|
| 5 | 2/9/12 | KL | 325.00 |
| 6 | 2/13/12 | HMcK | 175.00 |
| 7 | 2/29/12 | PB | 175.00 |
| 8 | 3/1/12 | FS | 175.00 |
| 9 | 3/1/12 | TS | 325.00 |
| 10 | 3/1/12 | KN | 350.00 |
| 11 | 3/1/12 | VC | 175.00 |
| 12 | 3/12/12 | ML | 175.00 |
| 13 | 3/21/12 | TE | 196.00 |
| 14 | 4/10/12 | DG | 325.00 |

In violation of Title 18, United States Code, Sections 287 and 2.

A TRUE BILL

FOREPERSON

DEBORAH R. GILG
United States Attorney

The United States of America requests that trial of this case be held at Lincoln, Nebraska, pursuant to the rules of this Court.

ALAN L. EVERETT
Assistant United States Attorney

6