IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:12CR3120 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| ANNETTE K. CRAWLEY, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Alan L. Everett, Assistant United States Attorney, and defendant, Annette K. Crawley, and Michael Hansen, counsel for defendant, as follows:

# I
# THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count 1 and Count 5 of the Indictment. Count 1 charges a violation of Title 18, United States Code, Section 1347. Count 5 charges a violation of Title 18, United States Code, Section 287.

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1. The United States will dismiss all other counts, although defendant agrees conduct pertaining to those counts may be considered as relevant conduct for all sentencing purposes.

    2. The United States agrees that it will not file other charges pertaining to conduct known to the government, and disclosed to the defendant, as of the date this plea agreement is signed.

1

3. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties agree to the application of certain sentencing guideline provisions, as follows:

    a. The total loss is less than $70,000 - U.S.S.G. §2B1.1(b)(1)

    b. There are fewer than 250 victims – U.S.S.G. §2B1.1(b)(2); and

    c. The defendant abused a position of public or private trust – U.S.S.G. §3B1.3

Other guideline enhancements may or may not apply. The United States is free to urge application of other enhancements and the defendant is free to oppose any such efforts.

## II
## NATURE OF THE OFFENSE

A. **ELEMENTS EXPLAINED.**

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

Health Care Fraud – 18 U.S.C. § 1347

1. The Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program, by means of false or fraudulent pretenses, representations, or promises.

2. "Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

3. A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

4. The false or fraudulent pretenses, representation or promises related to a material fact.

5. The Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

False Claims – 18 U.S.C. § 287

1. The defendant made or presented a false, fictitious, or fraudulent claim to a department or agency of the United States;

2

2. The defendant knew the claim was false, fictitious, or fraudulent;

3. The defendant did so with the specific intent to violate the law or with a consciousness that what she was doing was wrong, and

4. The defendant acted willfully and intended to defraud.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

As to Count 1, in October, November and December, 2011, the defendant, using the name Kenya Sade Bryant worked for Beneficial Behavioral Services (BBS) in Omaha, Nebraska. She falsely claimed to be a lawfully licensed psychologist and was hired to perform psychological services. While employed at BBS, the defendant obtained a Medicaid provider number from the state of Nebraska, and knew that Nebraska Medicaid would pay BBS for some of the examinations by defendant of Medicaid patients.

On October 25, 2011, the defendant conducted a psychological interview of a Nebraska Medicaid patient, HPO. In due course BBS submitted a claim to Nebraska Medicaid on January 6, 2012 in the amount of $275.00. Nebraska Medicaid paid the claim. Nebraska Medicaid rules permit payment for such services only if provided by an actual licensed psychologist.

As to Count 5, from January, 2012 through July, 2012, the defendant, using the name Kenya Sade Bryant, worked for Capstone Behavioral Services in Omaha, Nebraska, by falsely claiming to be a lawfully licensed psychologist. Capstone conducted psychological evaluations, for the United States Social Security Administration (SSA), of individuals seeking certain kinds of benefits. The SSA will only pay for evaluations performed by lawfully licensed psychologists.

The defendant conducted a number of these examinations including an evaluation of KL. At the conclusion of this evaluation, the defendant submitted paperwork to Capstone which, in turn, caused Capstone to submit a claim, on February 9, 2012, to the SSA for the evaluation of KL by the defendant, in the amount of $325.

3

## III
## PENALTIES

A.   COUNT 1. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.   A maximum 10 years in prison;

2.   A maximum $250,000 fine;

3.   A mandatory special assessment of $100 per count; and

4.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.   Possible ineligibility for certain Federal benefits.

B.   COUNT 5.

1.   A maximum 5 years in prison;

2.   A maximum $250,000 fine;

3.   A mandatory special assessment of $100 per count; and

4.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.   Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V
# PARTIES' SENTENCING RECOMMENDATIONS

A. **SENTENCING GUIDELINE CALCULATIONS.**

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend application of certain guideline provisions, as specified above in section I-B-3 of this plea agreement.

B. **ACCEPTANCE OF RESPONSIBILITY.**

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. **ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.**

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and

5

sentence reductions under 18 U.S.C. § 3553, and that the United States may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section VI, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.  STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

# VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions,

defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

# VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI
### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

1-30-13
Date

ALAN L. EVERETT
ASSISTANT U.S. ATTORNEY

29 JAN 13
Date

ANNETTE K. CRAWLEY
DEFENDANT

1-29-13
Date

MICHAEL HANSEN
COUNSEL FOR DEFENDANT

9