1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

2

3   THE UNITED STATES OF AMERICA,   )   Case No. 4:12CR3120
                            )

4                  Plaintiff,   )
                            )

5           v.              )
                            )

6   ANNETTE K. CRAWLEY,         )
                            )   Lincoln, Nebraska

7                Defendant.   )   February 5, 2013

8

9               TRANSCRIPT OF PLEA PROCEEDINGS
           BEFORE THE HONORABLE LYLE E. STROM
            UNITED STATES SENIOR DISTRICT JUDGE

10

11              A-P-P-E-A-R-A-N-C-E-S

12   FOR THE PLAINTIFF:          Mr. Steven A. Russell
                            Assistant U.S. Attorney

13                            487 Federal Building
                            100 Centennial Mall North

14                            Lincoln, Nebraska 68508

15                            Mr. D. Mark Collins
                            Nebraska Attorney General's

16                              Office
                            1221 N Street, Suite 500

17                          Lincoln, Nebraska 68508;

18   FOR THE DEFENDANT:          Mr. Michael J. Hansen
                            Asst. Federal Public Defender

19                          112 Federal Building
                            100 Centennial Mall North

20                          Lincoln, Nebraska 68508

21   COURT REPORTER:             Ms. Susan M. DeVetter, RDR, CRR
                            Official Court Reporter

22                          Hruska Courthouse, Suite 3130
                            111 South 18th Plaza

23                          Omaha, Nebraska 68102-1322
                            (402) 661-7309

24

25   Proceedings recorded by mechanical stenography, transcript
   produced with computer.

1       (At 10:01 a.m. on February 5, 2013; with counsel and the

2   defendant present:)

3          THE COURT:  You may call the docket.

4          COURTROOM DEPUTY:  Case No. 4:12 Criminal 3120,

5   Annette K. Crawley.

6          THE COURT:  You are Annette Crawley?

7          THE DEFENDANT:  Yes, I am.

8          THE COURT:  All right.  Mr. Everett -- well, you'll

9   have to -- I -- Mr. Everett, why don't you enter your

10  appearance.

11         MR. RUSSELL:  Your Honor, please enter the appearance

12  of Steven Russell on behalf of the United States.

13         THE COURT:  Where did I get Alan Everett?

14         MR. RUSSELL:  This is Mr. Everett's case, Your Honor.

15         THE COURT:  Oh, okay.

16         MR. RUSSELL:  Mr. Everett is unable to appear today.

17    And also with the government is Mark Collins, who's with

18  the Nebraska Attorney General's Office.

19         THE COURT:  Mark Collins?

20         MR. RUSSELL:  Yes, Your Honor.

21         THE COURT:  All right.  All right.  And Mr. Hansen.

22         MR. HANSEN:  Michael Hansen for Ms. Crawley,

23  Your Honor.

24         THE COURT:  All right.  Yeah, the matter is before

25  the Court today on the petition of the defendant to enter a

1    plea of guilty to Count 1 and Count 5 of the indictment

2    returned by the grand jury.

3         Mr. [*sic*] Crawley, I'm going to have you placed under

4    oath and I'm going to ask you some questions about the petition

5    to enter a plea of guilty, about the plea agreement you've

6    entered into with the government, and about the crime charged

7    in Count 1 and 5 of the indictment.  I want you to understand

8    that the answers you give to my questions will be under oath

9    and therefore they could later be used against you in a

10   prosecution for perjury or furnishing false information.

11        Do you understand that, Miss Crawley?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Would you please stand and raise your

14   right hand.

15        (The defendant was sworn.)

16             THE COURT:  You may be seated.

17        You are presently 37 years of age?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And you've had some college.  Where --

20   where was that?

21             THE DEFENDANT:  I have been to Walden and Beacon

22   Christian University, Auburn and Tuskegee.

23             THE COURT:  Are you presently taking medication of

24   any kind for any physical conditions or for any mental or

25   emotional problems?

1          THE DEFENDANT:  No, I'm only taking prescribed

2    vitamins.

3          THE COURT:  Are you under the influence of any drugs

4    or alcohol of any kind at this -- of any kind at this time?

5          THE DEFENDANT:  No, I'm not.

6          THE COURT:  Are you aware of any reason that you

7    think would interfere with or prevent you from understanding

8    the purpose of this hearing today?

9          THE DEFENDANT:  No.

10          THE COURT:  Mr. Hansen has represented you since you

11    first appeared before the magistrate judge?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Has he been available to discuss this

14    case with you, discuss the evidence, discuss your right to

15    trial, the trial of the case, and your right to plea bargain

16    with the government?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you have any objections of any kind to

19    the manner in which he's represented you up to this time?

20          THE DEFENDANT:  No, I don't.

21          THE COURT:  Do you have the petition there,

22    Mr. Hansen?  If you'd put that in front of her, please.

23          And if she would turn to page 9, is it?  It's a

24    different -- page 9, yes.  There's a signature on that page.

25    Is that your signature?

```
1              THE DEFENDANT:  Yes, it is.

2              THE COURT:  Did you read over the questions contained

3       in the petition?

4              THE DEFENDANT:  I did.

5              THE COURT:  And have you had a chance to discuss

6       those questions and your answers to those questions with

7       Mr. Hansen?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Are you satisfied you understood the

10      questions?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And are you satisfied the answers as they

13      appear in the petition are your answers to those questions?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Have you and Mr. Hansen discussed the

16      evidence which the government would use to prove these charges

17      against you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Have you discussed with him any defenses

20      or any mitigating circumstances that might be available to you

21      if you went to trial?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Has anyone forced you in any way or

24      threatened you in any way that causes you to decide to enter

25      this plea of guilty?
```

1          THE DEFENDANT:  No.

2          THE COURT:  Other than the plea agreement you've

3     entered into with the government, has anyone promised you

4     anything that causes you to enter this plea of guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  Are you satisfied that your decision to

7     enter a plea of guilty to Counts 1 and 5 of the indictment is a

8     voluntary, knowing, and understanding decision on your part?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Mr. Hansen, have you reviewed with

11    Miss Crawley the petition to enter a plea of guilty?

12         MR. HANSEN:  Yes, Your Honor.

13         THE COURT:  Both the questions contained in the

14    petition and her answers to those questions?

15         MR. HANSEN:  Yes, Your Honor.

16         THE COURT:  Are you satisfied she understood the

17    questions?

18         MR. HANSEN:  Yes, Your Honor.

19         THE COURT:  And are you satisfied that the answers as

20    they appear in the petition are her answers to those questions?

21         MR. HANSEN:  Yes, Your Honor.

22         THE COURT:  Do you have the indictment there?

23         MR. HANSEN:  I do, sir.

24         THE COURT:  I'm having a copy of the indictment

25    placed in front of you, Miss Crawley.  You received a copy of

1    that when you first appeared before the magistrate judge?

2              THE DEFENDANT:  Yes, I did.

3              THE COURT:  Have you had a chance to read it then and

4    since then to discuss it with your counsel?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Are you satisfied that you generally

7    understand the nature of the charges contained in the

8    indictment?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And have you got the plea agreement there

11   also, Mr. -- I'm going to --

12             MR. HANSEN:  Yes.

13             THE COURT:  Okay.  If you would list -- at this time

14   let's -- just turn to the last page of the plea agreement.  And

15   there are three signatures.  Is that middle signature yours?

16             THE DEFENDANT:  Yes, it is.

17             THE COURT:  You have read over the plea agreement?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And you've also had a chance to discuss

20   it with your counsel, Mr. Hansen?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Are you satisfied you generally

23   understand the terms and conditions of your plea agreement with

24   the government?

25             THE DEFENDANT:  Yes, I do.

1      THE COURT:  All right.  On -- if you go to the second

2  page of the plea agreement, talks about the nature of the

3  offense and the elements explained.

4      And with respect to Count 1, that's the count that's filed

5  pursuant to Title 18, U.S. Code, Section 1347, the elements of

6  that crime are set forth in that paragraph.

7      Have you had the chance to read that and to discuss that

8  with Mr. Hansen?

9      THE DEFENDANT:  Yes, I have.

10      THE COURT:  You're satisfied that you understand

11  these elements?

12      THE DEFENDANT:  Yes.

13      THE COURT:  In order for a jury to find you guilty of

14  the crime charged in Count 1 of the indictment, the government

15  would have to prove those elements beyond a reasonable doubt.

16  If the jury were to find you guilty of that crime, you are

17  facing a term of imprisonment of up to ten years, a fine of up

18  to $250,000, or both such fine and imprisonment, a term of

19  supervised release of up to three years to follow your term of

20  imprisonment, and a $100 special assessment.

21      Do you understand those to be the statutory penalties for

22  that crime?

23      THE DEFENDANT:  Yes.

24      THE COURT:  All right.  Now, if you'd turn to page --

25  I think it's page 5.  Just a minute.  No -- to page 4 of the --

1   the indictment, that deals with Counts 5 through 14. And it's

2   my understanding you're going to enter a plea of guilty to

3   Count 5. Is that correct?

4          THE DEFENDANT: Yes.

5          THE COURT: And if you will look at -- in your plea

6   agreement with the government, beginning at the bottom of page

7   2 and continuing over to -- on top of page 3, are set forth

8   generally the elements of this crime. You have read those

9   elements?

10         THE DEFENDANT: Yes, I have.

11         THE COURT: And you're satisfied you understand them?

12         THE DEFENDANT: Yes.

13         THE COURT: All right. In order for the jury to

14   convict you of this crime, the government would have to prove

15   those elements beyond a reasonable doubt. And those, of

16   course, are the elements that we've just made reference to.

17      If the jury were to find you guilty of the crime as

18   charged, then you're facing a term of imprisonment on Count 5

19   of zero to five years, a fine of up to $250,000, or both such

20   fine and imprisonment, a term of supervised release of up to

21   three years following your term of imprisonment, and a $100

22   special assessment.

23      Do you understand those to be the statutory penalties for

24   the crime charged in Count 5 of the indictment?

25         THE DEFENDANT: Yes.

1          THE COURT:  Do you have any questions either of the

2    Court or of Mr. Hansen at this time regarding the elements of

3    the crimes charged in Count 1 and Count 5 of the indictment or

4    regarding the statutory penalties for those crimes?

5          THE DEFENDANT:  No, I don't.

6          THE COURT:  Now, have you and Mr. Hansen discussed

7    the application of the United States Sentencing Guidelines to a

8    determination of your sentence?

9          THE DEFENDANT:  Yes, we have.

10          THE COURT:  The guidelines are no longer mandatory,

11    but the Court is still obligated to calculate a sentence on the

12    guidelines -- under the guidelines and to consult that -- and

13    to consult that sentence in determining an appropriate sentence

14    for the offense conduct involved.

15          A guideline sentence is calculated by determining two

16    factors:  an offense level and a criminal history category.

17          With respect to the criminal history category, I will be

18    receiving a copy of any prior convictions that you may have.

19    Some misdemeanors and some felonies under the guidelines will

20    be counted.  They're each given a numerical value by the

21    guidelines and I simply add up those numbers of the applicable

22    criminal history and I arrive at a total number that places you

23    in one of six criminal history categories.

24          With respect to the offense level, again, the Court is

25    referred to a particular chapter in the guidelines that deals

1    with the offense with which you -- here, the offenses -- with

2    which you've been charged.  Those chapters start the Court out

3    with a base offense level.  The guidelines provide for certain

4    additions and for certain deductions to that base offense

5    level.  Those that are applicable will be considered and -- and

6    that will -- in the end the Court will arrive at a final

7    offense level.

8         And I simply take that final offense level and that

9    criminal history category and, using a grid that's in the

10   guidelines, I will arrive at a sentencing range for those two

11   factors.  And it's that sentencing range that I'm obligated to

12   consult in arriving at an appropriate sentence for the offense

13   conduct involved.

14        Do you generally understand that?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  Do you have any questions either of

17   Mr. Hansen or the Court at this time regarding the application

18   of the United States Sentencing Guidelines, the calculation of

19   the offense level and the criminal history category in

20   determining your sentence in this case?

21             THE DEFENDANT:  No, I don't.

22             THE COURT:  All right.  Then if you -- I've already

23   had you look at the plea agreement.  You've read over that plea

24   agreement and discussed it in its entirety with Mr. Hansen?

25             THE DEFENDANT:  Yes.

1          THE COURT:  And we've talked about the nature of the

2   offense, the elements of the offense.  And then over on page 3

3   is a portion that's entitled Factual Basis.  Do you see that?

4   You've reviewed that also?

5          THE DEFENDANT:  Yes, I have.

6          THE COURT:  You understand that that constitutes the

7   factual basis supporting these charges against you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And is it on the basis of that factual

10  basis that you've decided to enter a plea of guilty to Counts 1

11  and 5 of the indictment?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you have any questions of the Court or

14  of Mr. Hansen at this time regarding any of -- any of those

15  factual bases?

16         THE DEFENDANT:  No, I don't.

17         THE COURT:  And then I'll turn your attention to

18  Section Roman numeral VI on page 6.  In this paragraph you are

19  waiving all of your rights to appeal either your conviction or

20  sentence in this matter and you're also waiving your rights to

21  file any post-conviction motions addressing either your

22  conviction or sentence in this matter, with some exceptions

23  which are not applicable at this time.

24      Do you understand that you are making such a complete

25  waiver of all of your rights to appeal your conviction or

1    sentence in this matter?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Now, there are some provisions in here

4    regarding sentencing recommendations and findings of fact and

5    so forth.

6        It's the Court's responsibility, after I receive a

7    presentence investigation report, to make a determination of

8    what the appropriate sentence in this case should be and what

9    my findings of fact, if any, that I need to make.  They may

10   agree or they may disagree with what is in your plea agreement.

11   If they happen to disagree with what's in your plea agreement,

12   you will not be permitted to withdraw your plea of guilty.  Do

13   you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  This plea agreement is absolutely binding

16   on both you and the government in this matter regardless of

17   what action the Court may take with respect to its

18   determination of the facts and the appropriate sentence.  You

19   understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you have any questions at this time

22   either of the Court or of Mr. Hansen regarding any of the terms

23   or conditions of your plea agreement with the government?

24             THE DEFENDANT:  No, I don't.

25             THE COURT:  Now, by entering this plea of guilty,

1    you're going to be waiving certain rights that you have under

2    the Constitution of the United States and I'm obligated to

3    review those with you now.

4        Do you understand that you have the right to enter a plea

5    of not guilty to these charges and under those circumstances

6    you'd be entitled to a public and speedy trial in this

7    courtroom before a jury selected from citizens here in

8    Nebraska?

9            THE DEFENDANT:  Yes, I understand.

10           THE COURT:  All right.  And do you understand that

11   you're entitled to be represented by an attorney at all stages

12   of the proceedings, including the trial, and if you cannot

13   afford a lawyer the Court would appoint one to represent you?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you understand that during any trial,

16   you'd have a right to be present here in the courtroom so that

17   you could see each witness produced by the government to prove

18   the charges against you, you'd have a right to hear their

19   testimony, and you'd have the right to cross-examine them?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Do you understand that the subpoena power

22   of this court is available to you?  And by that I mean the

23   power of the court to compel the attendance of witnesses and

24   the power of the court to compel the production of documents or

25   other things to be used as evidence so you could compel the

1    attendance of any person you wanted to testify at trial and you

2    could compel the production of any document or other thing you

3    wanted used as evidence during the trial; do you understand

4    that?

5            THE DEFENDANT:  Yes, I do.

6            THE COURT:  In a criminal case, the burden is always

7    on the government throughout the trial to prove each element of

8    the crime or crimes charged beyond a reasonable doubt.  There

9    is no burden on you to prove anything.  You do not have to

10   prove your innocence.  Do you understand that?

11           THE DEFENDANT:  Yes.

12           THE COURT:  And do you understand that the

13   government, in presenting its evidence to the jury, could not

14   call you as a witness, you could not be compelled to take the

15   witness stand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And do you understand that if you decided

18   not to testify, at the close of the evidence I would instruct

19   the jury that they could not consider the fact you did not

20   testify, they could not even discuss that fact in arriving at a

21   verdict?

22           THE DEFENDANT:  Yes.

23           THE COURT:  And do you understand that you're

24   presumed to be innocent until and unless the government

25   produces sufficient evidence that satisfies all 12 members of

1    the jury individually that you are guilty of each element of

2    the crime charged beyond a reasonable doubt and at the close of

3    the evidence I would instruct the jury that if after reviewing

4    the evidence they did not believe that the government had met

5    that burden of proof, it would be their duty to return a

6    verdict of not guilty solely on the basis of the presumption of

7    innocence?

8            THE DEFENDANT:  Yes.

9            THE COURT:  And do you understand that by entering

10    these pleas you will be found guilty of the crimes charged in

11    Count 1 and Count 5 of the indictment without a trial and you

12    will have waived all of these rights we've been discussing

13    during this hearing except your right to be represented by an

14    attorney?

15            THE DEFENDANT:  Yes.

16            THE COURT:  All right.  Premised upon the factual

17    basis as set forth in your plea agreement with the government,

18    how do you plead to Count 1 of the indictment?

19            THE DEFENDANT:  Guilty.

20            THE COURT:  And how do you plead to Count 5 of the

21    indictment?

22            THE DEFENDANT:  Guilty.

23            THE COURT:  I'm going to accept the defendant's plea

24    of guilty to Counts 1 and 5 of the indictment and find her

25    guilty of the crimes set forth in those counts.

1       I find that she is competent to plead; that she

2  understands the nature of the crimes charged in Count 1 and

3  Count 5 of the indictment; she understands the maximum

4  penalties that may be imposed by reason of her being found

5  guilty of those crimes.

6       She understands she has the right to -- the right to jury

7  trial; the right to be represented by counsel at all stages of

8  the proceeding, including the trial; that she has the right to

9  confront and cross-examine the witnesses produced by the

10 government to prove the charges against her; and she has the

11 right not to be compelled to testify against herself.

12      I find that she understands that she has waived all of the

13 rights we've been discussing during this hearing except her

14 right to be represented by counsel.

15      I find that she understands that the answers she's given

16 to my questions under oath were under oath and that they may

17 later be used against her in a prosecution for perjury or

18 furnishing false information.

19      I find that the plea is voluntary, not the result of any

20 force or threats or promises of any kind, and that there is a

21 factual basis for the plea.

22      Do I have a sentencing order here?  Yes.

23           COURTROOM DEPUTY:  Yes, Judge.

24           THE COURT:  Sentencing is scheduled for April --

25 April the 30th of this year at nine o'clock a.m. in this

```
1    courtroom.  An Order on Sentencing Schedule to that effect will
2    be entered today and forwarded to counsel.
3         Is there anything further, counsel?
4              MR. COLLINS:  Nothing from the government,
5    Your Honor.
6              MR. HANSEN:  No, sir.
7              THE COURT:  Okay.  One other thing, and I'm not sure
8    whether I -- one other thing is, as I say, I'm ordering a
9    presentence investigation in this matter and when that's
10   complete, a presentence investigation report will be prepared
11   and provided to you and to -- and to counsel.
12        If you have any objections or exceptions to any --
13   anything that's in the pre- -- presentence report, I'm going to
14   ask that you take those up first with the probation officer and
15   then, if you're not satisfied with the probation officer's
16   response, you may bring them to my attention and I will resolve
17   them before sentencing.  Do you understand?
18             THE DEFENDANT:  Yes.
19             THE COURT:  Okay.  Anything further then?
20             MR. RUSSELL:  Nothing.
21             THE COURT:  Anything further?
22             MR. HANSEN:  No, sir.
23             THE COURT:  All right.  The defendant is remanded to
24   the custody of the United States Marshal pending sentencing in
25   this matter.
```

1      I'll give you -- give you the sentencing order back.

2             COURTROOM DEPUTY:  Thank you.

3             THE COURT:  I've initialed it.

4      And we'll be in recess.

5             MR. COLLINS:  Thank you, Your Honor.

6      (Recess at 10:25 a.m.)

7                                    * * *

8

9

10

11

12

13

14

15

16

17

18                    C E R T I F I C A T I O N

19      I, Susan M. DeVetter, RDR, CRR, certify that the foregoing

20  is a correct transcript from the record of proceedings in the

21  above-entitled matter.

22

23   /s/ Susan M. DeVetter              November 7, 2013
         Official Court Reporter                Date
24

25