IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CR3120 |
| | ) | |
| v. | ) | |
| | ) | |
| ANNETTE K. CRAWLEY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to vacate, set aside or correct a sentence by a person in federal custody (Filing No. 65).  Defendant alleges she was denied effective assistance of counsel during the plea stage of the proceedings as well as the sentencing proceedings.

A review of the transcript of the Rule 11 hearing (Filing No. 56) indicates that the Court asked defendant numerous times if she had read the petition and the plea agreement and whether she had a chance to discuss them with counsel.  Each time defendant replied in the affirmative.

Defendant was asked if she understood the elements of the crime and the statutory penalties for the crime.  Each time defendant replied in the affirmative.

At a hearing on April 30, 2013 (Filing No. 48), the Court noted that defendant had filed objections to the presentence investigation report and a motion for downward

departure.  The Court asked the defendant if she had any other objections or exceptions to the presentence investigation report, and the defendant said "no."  The hearing was continued at the request of the defendant to allow her to prove up her objection to the two-level increase for vulnerable victims.

A review of the transcript of the second sentencing proceedings (Filing No. 49) reveals that defendant had the opportunity to note additional objections to the presentence investigation report.  Most of the objections pertained to educational institutions she had or had not attended, even though she had initially told the Court, under oath, that she had no other objections.  The Court took into account numerous factors concerning defendant's acceptance of responsibility and her realization that the offense was serious, and varied downward from the applicable guideline range.  Defendant was sentenced to 48 months on Count 1 and 48 months on Count 5, to run concurrently, with a term of 3 years of supervised release on each count, to run concurrently.  Restitution in the amount of $55,225.88 and a $200 special assessment were also imposed.

The Court further noted that the plea agreement that the parties had entered into contained a clause that defendant had waived all of her rights to appeal either her conviction or sentence in the matter, which included restitution, and that she

-2-

also waived her right to file any post-conviction motions addressing either her conviction or sentence.

Defendant appealed her sentence to the United States Court of Appeals for the Eighth Circuit.  In its opinion (Filing No. 58), the Court of Appeals found that defendant's appeal waiver was valid and would be enforced.  The Circuit Court further found that defendant's sentence was not a miscarriage of justice and the Court did not abuse its sentencing discretion. For the foregoing reasons, the Court finds defendant's motion to vacate, set aside or correct a sentence by a person in federal custody should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-3-